671 P.2d 36
### In the Matter of Patrick L. CHOWNING, Attorney at Law.

#### No. 15130.

Supreme Court of New Mexico.

Oct. 19, 1983.

Barry Viuker, Chief Bar Counsel, Virginia Ferrara, Deputy Bar Counsel, Albuquerque, for Disciplinary Bd.

Patrick Chowning, Albuquerque, pro se.

## OPINION

PER CURIAM.

Attorney Patrick Chowning (Chowning) was charged with four counts of professional misconduct in a Specification of Charges filed against him by disciplinary counsel. A hearing before a Disciplinary Board Hearing Committee (Committee) was held on October 14, 1982. The Committee issued its Findings and Recommendations. The Committee found that the evidence supported findings of misconduct with regard to two counts.

The first count against Chowning involved an agreement by Chowning to represent Arvey Drown (Drown) in a case filed against Drown by the Securities Exchange Commission (SEC). Chowning entered his appearance in the matter and became attorney of record for Drown but did nothing further, although Drown believed him to be handling the case; the Federal Court file reflects no withdrawal by Chowning, and he admitted in his testimony that he received numerous letters and copies of pleadings from the Court and other attorneys associated with the case.

Several months after Chowning entered his appearance in the case, Drown transferred to him $34,000.00 from an account at the Guinness Mahon Trust in the Grand Cayman Islands, British West Indies. Drown testified that this money was to have been expended in the following manner: $15,000.00 was to be applied toward Chowning's fee in the SEC case; $15,000.00 was to be forwarded to Drown; and $4,000.00 was to be sent to one of Drown's creditors in payment of a debt. The checks to the creditor, written on Chowning's business account, were returned for insufficient funds. Chowning testified that he used the remaining $30,000.00 to pay debts of his own and claimed that the checks to the creditor did not represent payments from

Drown but rather were to have been personal loans from Chowning to the creditor.

Chowning also testified that the $34,000.00 was given to him as a down payment on uranium property that he owned, which Drown had agreed to purchase for $1,000,000.00 and was not a fee for legal services. In the hearing, Chowning testified that he told Drown he would not continue to represent him unless Drown purchased the property. There was no writing to memorialize this alleged transaction, however, and Chowning further admitted that no interest in the property had ever been transferred to Drown. He claimed that since Drown had never paid the remainder of the $100,000.00 down payment, he had forfeited the $34,000.00 to Chowning. Drown admitted that he and Chowning had discussed the possibility of his purchasing the uranium property but denied that he ever agreed to buy it and also stated that under no circumstances would he have done so absent some agreement in writing.

The Committee found Chowning's claim that Drown was purchasing property from him to be unsubstantiated. It noted that even if Chowning were to be believed, he would have been in violation of NMSA 1978, Code of Professional Responsibility Rule 5–104(A) (Repl.Pamp.1982), which prohibits an attorney from entering into a business transaction with a client where the attorney and the client have differing interests and where the client would expect the attorney to exercise his professional judgment for the client's protection unless the inherent problems are disclosed to the client and his informed consent obtained.

The Committee further found that Chowning was attorney of record for Drown and that Chowning had abandoned his client and the case despite his having been paid a substantial fee. Chowning was found to be in violation of NMSA 1978, Code of Professional Responsibility Rules 2–110(A)(1), (2) and (3), 6–101(A)(3), 7–101(A)(1) and (2), and 9–102(A), 9–102(B)(3) and (4) (Repl.Pamp.1982).

The second count against Chowning involved Ralph Smith, Sr. (Smith), an inmate at the Los Lunas Correctional Facility, and Smith's family, Elizabeth Grove and Ralph Smith, Jr. Smith's family paid Chowning $1,000.00 to attempt to obtain a pardon from the Governor for Smith. The Committee found that Chowning thereafter never communicated with Smith's family nor with Smith and that his claim to have made some effort to obtain an early parole hearing for Smith was uncorroborated and, therefore, rejected. The Committee also found that Chowning never applied to the Governor for a pardon for Smith. The Committee determined that Chowning's conduct constituted violations of Rule 6–101(A)(3), and Rules 7–101(A)(1) and (2).

In view of the above violations, the Committee recommended that Chowning be suspended from the practice of law for a period of no less than three years without automatic reinstatement and that any reinstatement be conditioned upon his showing of proof that he had reimbursed Drown in the amount of $34,000.00, and Smith's family in the amount of $1,000.00.

A three-member panel of the Disciplinary Board (Board), after a review of the transcript and the pleadings, approved both the findings and recommendations of the Committee and further requested that costs in the amount of $2,060.77 be assessed against Chowning.

We adopt the findings and recommendations of the Board. Chowning is hereby suspended from the practice of law, effective October 5, 1983, for a period of three years. His reinstatement will not be automatic.

It is further ordered that Chowning be assessed the costs of this action in the amount of $2,060.77.

IT IS SO ORDERED.